IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JERAMY THEODORE CARPENTER,

        Defendant.

No. 3:16-cr-00432-HZ
3:19-cv-00511-HZ

OPINION & ORDER

Billy J. Williams
United States Attorney
District of Oregon
Leah K. Bolstad
Hannah Horsley
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Jeramy Theodore Carpenter
73773-065
USP ATWATER
Inmate Mail/Parcels
P.O. Box 019001
Atwater, CA 95301

    Pro Se Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Jeramy Theodore Carpenter moves to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that trial counsel was ineffective during plea negotiations and at sentencing. Defendant also argues that the Court erred at sentencing in failing to consider §§ 5H1.3 and 5K2.13 of the Sentencing Guidelines. For the reasons below, the Court denies the motion.

## BACKGROUND

On January 22, 2018, Defendant entered a guilty plea to Count One of an indictment charging him with Conspiracy to Possess with the Intent to Distribute Methamphetamine under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Indictment, ECF 1; Plea Hr'g Mins., ECF 59. The remaining charges for various gun and drug offenses were dismissed. Plea Pet. & Order Ent. Plea ("Plea Pet."), ECF 60; Plea Agrmt., ECF 61. Defendant entered his guilty plea under a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Plea Agrmt. ¶ 14; Plea Pet. ¶ 9. Defendant acknowledged in both the plea agreement and the plea petition that the Court was not bound by the recommendation of the parties:

> [A]lthough the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

Plea Pet. ¶ 9; *see also* Plea Agrmt. ¶ 14 ("The Court is not bound by the recommendations of the parties[.]"). Under the plea agreement, Defendant agreed to a two-level increase for the use of violence. Plea Agrmt. ¶ 11. Defendant's base offense level was 35 with an estimated criminal history category of IV or V. *Id.* As part of the agreement, the Government agreed to "recommend as a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a), a 180-month sentence"

based on the mitigation materials presented by defense regarding Defendant's mental health history. *Id.* at ¶ 12.

In the course of representing Defendant, Thomas Price—Defendant's lawyer—discussed possible outcomes of the case, including the additional time Defendant could serve because of his pending probation revocation. Price Decl. ¶ 3, ECF 97-5. According to Mr. Price's records, he met with Defendant for two hours to review the final version of the plea agreement and for an additional hour prior to sentencing to review Defendant's Presentence Investigation Report ("PSR") and other documents. *Id.* at ¶ 4. Mr. Price asserts that Defendant was never advised that a three-level reduction was "locked-in." *Id.* at ¶ 5. Instead, he states Defendant was advised that the Court had the discretion to impose a sentence that neither party anticipated. *Id.* Mr. Price recalls attempting to obtain a plea agreement under Rule 11(c)(1)(C), a request which was rejected by the Government. *Id.* at ¶ 7. Mr. Price asserts that he "repeatedly met with [Defendant], in person, to discuss and convey all of this information to him in detail" and told Defendant that they could not achieve a "locked in" sentence. *Id.* at ¶ 8. He does, however, recall giving Defendant an estimate of what the judge would do. *Id.* at ¶ 11.

Defendant, by contrast, asserts that Mr. Price "told [him] over and over that [he] would receive a 3 level reduction for Diminished Capacity under the U.S.S.G. At no time was it made clear to [him] that it was discretionary; and if [sic] fact [Mr. Price] told [Defendant] that [he] was 'locked in' for the 3 level reduction." Carpenter Decl. ¶ 2, ECF 88-1. Defendant asserts that he understood that he would receive only a 10- to 15-year sentence if he pleaded guilty due to his "mental circumstances," and he and would not have pleaded if he had known he would not necessarily receive the three-level reduction. *Id.* at ¶ 3.

At the plea hearing, the Court reviewed the plea petition with Defendant. Plea Hr'g Tr., 5:3–10, ECF 84. The Court confirmed Defendant had read and understood the petition and plea agreement, *id*. at 5:3–10, 12:8–17, and that Mr. Price had explained the implications of his Rule 11(c)(1)(B) plea, *id.* at 8:22–9:8. The Court acknowledged that pursuant to the plea agreement the Government would be seeking a 180-month sentence and that Defendant could argue for anything down to 120 months. *Id.* at 12:19–25. The Court went on to explain that it would be "up to [the Court] to figure out what sentence to impose," to which Defendant replied: "Yes, sir. I understand that." *Id.* at 13:1–3. Defendant acknowledged that he could not withdraw his plea even if he did not like the sentence and that his probation violation could result in a separate, additional sentence. *Id.* at 13:4–9, 18:19–25.

In anticipation of sentencing, Mr. Price submitted a sentencing memorandum and supplement to the PSR. Def. Sent. Mem., ECF 72; Conf. Suppl. PSR, ECF 73. Mr. Price wrote that Defendant's criminal activity and drug use occurred during a mental breakdown caused, in part, by untreated and undiagnosed bipolar disorder. Conf. Suppl. PSR 1–2. He argued for a downward departure due to Defendant's mental illness. *Id.* at 7 (citing § 3553(a)(2)(B) and U.S.S.G. §§ 5K2.13, 5H1.3). Mr. Price included a letter from Defendant and a report from a psychiatrist discussing Defendant's mental health issues and childhood history of abuse. *Id.* at Encl. 1, 6.

Because the sentencing guidelines are advisory and "the authority given to judges under the sentencing guidelines is generally narrow as opposed to broader authority under § 3553(a)," Mr. Price chose to present arguments in favor of mitigation as variances under the sentencing statute. Price Decl. ¶ 20. According to Mr. Price, the statute "tends to be more generous in allowing judicial discretion to mitigate punishment." *Id*. He further indicates that he did not

argue for diminished capacity under § 5K2.13 because there was evidence of violent behavior in Defendant's case. *Id.* at ¶ 21. Mr. Price recalls Defendant hoping that the sentencing recommendation from the Government would limit the Court and explaining to Defendant that the Court was not bound by their agreement. *Id.* at ¶ 15.

The PSR also addressed Defendant's history of abuse and mental illness. PSR ¶¶ 74–85, 89–91, ECF 71. The PSR stated that Defendant's childhood environment of extraordinary neglect and abuse might warrant a sentence outside the Guidelines range. *Id.* at ¶ 119. The PSR also noted that the Government was moving for "an additional 3-level reduction . . . . from 35 to 32, with a criminal history category of IV," resulting in a guideline range of 168 to 210 months. *Id.* at ¶ 117

At sentencing, Mr. Price addressed Defendant's mental health issues. Sent. Hr'g. Tr. 7:4–22, ECF 85. As required by the parties' plea agreement, the Government acknowledged Defendant's mitigation evidence and agreed to a three-level reduction to a below-guideline recommendation of 180 months. *Id.* at 4:22–5:2. As the Court clarified, however, the Government was not seeking a departure but was instead asking the Court to "vary from the recommended sentence of 235 to 293 and impose a 180-month sentence." *Id.* at 5:23–6:2. The Government elaborated that—along with the probation violation—it was seeking an overall sentence above 200 months. *Id.* at 6:13–16.

Consistent with the PSR and the plea agreement, the Court concluded that Defendant's base offense level was 35 with a criminal history category of IV, suggesting a sentence of 235 to 293 months. *Id.* at 12:4–7. The Court found that the case "involved an extraordinarily dangerous and violent episode between people who were involved in the distribution of methamphetamine in our community" and noted that "the violent aspect of this episode included firearms and a

minor injury to another individual." *Id.* at 12:8–14. It also found that Defendant's criminal history reflected episodes of violence. *Id.* at 12:15–21. The Court acknowledged Defendant's struggles with his mental health. *Id.* at 12:22–23. The Court ultimately imposed a 220-month sentence on the active case, varying downwards from the guideline after taking into consideration Defendant's history of mental illness and his upbringing. *Id.* at 14:12–17. The Court also imposed a 77-month sentence on the probation violation to be served concurrently with the 220-month sentence on the active case. *Id.* at 17:23–18:8.

Defendant asserts that he did not understand what was going on at his sentencing and "was not sure until afterward that [he] did not get the 3 levels off." Carpenter Decl. ¶ 5. According to Defendant, his attorney admitted he had made a mistake and stated that it was the attorney's fault that Defendant did not understand that the reduction was discretionary. *Id.* at ¶ 6. Defendant asserts that Mr. Price did not argue for the three-level reduction at any point during the sentencing hearing. *Id.* at ¶ 7.

## STANDARDS

Under § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct a sentence on the basis that the sentence violates the Constitution or the laws of the United States. 28 U.S.C. § 2255(a); *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333, 344–45 (1974)). The petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, the defendant is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "The standard for granting an evidentiary hearing [under § 2255] entails assuming the truth of [the defendant's] factual allegations[.]" *United States v. Leonti,* 326 F.3d 1111, 1121 (9th Cir. 2003). When faced with conflicting sworn accounts from a defendant and his trial attorney, a district court is required to hold an evidentiary hearing if the defendant's version of the facts would entitle him to relief. *United States v. Reyes-Bosque*, 624 F. App'x 529, 530 (9th Cir. 2015) (finding that district court erred in holding that the defendant's claim was self-serving because "Section 2255(b) imposes no requirement of independent corroboration, and a declaration is not inherently unbelievable merely because it is self-serving"). "Therefore, 'a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims,' and failure to grant one in such a circumstance is an abuse of discretion." *Id.* (quoting *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir. 1982)).

## DISCUSSION

Defendant moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After filing his motion, Defendant also moved for appointment of counsel. The Court addresses each motion below. Because the motion and files conclusively show that Defendant is entitled to no relief, the Court declines to set an evidentiary hearing in this case.

### I.     Motion for Counsel

Defendants "do not have a constitutional right to counsel when mounting collateral attacks upon their convictions." *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990). But the court may appoint counsel when it determines that the interests of justice so require. 18

U.S.C. § 3006A(a)(2)(B). If the court grants an evidentiary hearing, the court *must* appoint counsel. *See United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995). Counsel must also be appointed to represent indigent defendants in 2255 proceedings when "the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446–47 (9th Cir. 1962)). Otherwise, the request for counsel "is addressed to the sound discretion of the trial court." *Id.* (internal quotation marks omitted); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987) (the court has wide discretion in deciding whether to appoint counsel for a convicted felon who files a petition for a writ of habeas corpus). Factors guiding the court's discretion as to whether to appoint counsel in habeas corpus proceedings include the petitioner's ability to articulate his claim, complexity of legal issues, and likelihood of success on merits. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The Court declines to appoint counsel for Defendant in this case. The legal issues are not particularly complex, and Defendant has demonstrated the ability to articulate his claims. He has thoroughly briefed all three grounds for relief and provided the Court with a supporting declaration and evidence. Finally, as detailed below, Defendant has not demonstrated a likelihood of success on the merits, and the factual assertions underpinning his arguments are undermined by the record. Accordingly, Defendant's motion for appointment of counsel is denied.

## II.     Motion to Vacate Under § 2255

Defendant asserts three grounds for relief in moving to vacate his conviction and sentence under 28 U.S.C. § 2255. Def. Mot. 2–3, ECF 87. In his first and second grounds for relief, Defendant asserts that his trial counsel—Mr. Price—was ineffective in (1) failing to

8 – OPINION & ORDER

adequately advise Defendant of the consequences of his plea agreement and (2) failing to challenge the Court's failure to address Defendant's diminished capacity at sentencing. *Id.* Defendant also argues that this Court erred in failing to grant a three-level reduction under the Sentencing Guidelines. *Id.* at 3. The Court finds Defendant's arguments unavailing.

    A.    Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled.'" *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (internal citation omitted). Therefore, the right to counsel guaranteed in the Sixth Amendment is the right to *effective* assistance of counsel. *Id.* at 686.

The defendant must prove two elements under *Strickland* to succeed on a claim for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Id.* at 687. The Court must analyze counsel's performance considering the circumstances at the time: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

///

///

i. Plea Agreement

First, Defendant argues that Mr. Price was ineffective for failing to adequately advise him of the consequences of his plea agreement. Def. Mot. 2. Defendant asserts that: "Mr. Price misadvised movant and lead him to believe that he would receive a 3 level reduction on his base offense level; and, that he would not receive a sentence over 180 months." *Id.* at 2. Defendant contends that he received a longer sentence than he would have agreed to. *Id.* He also argues that counsel's mistake was "especially egregious" because Mr. Price was aware of Defendant's difficulty understanding criminal procedure and the laws at issue in this case. Def. Mem. 4, ECF 88.

"Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (internal quotations omitted). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Once the government offers a plea deal, counsel must communicate all aspects of the deal and ensure that the defendant understands the significance of the terms of the deal. *See Leonti*, 326 F.3d at 1117 (citing *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060–61 (9th Cir. 2000)). Failure to communicate a plea deal to a defendant is a gross deviation from professional standards. *See United States v. Baylock*, 20 F.3d 1458, 1466 (9th Cir. 1994); *see also Missouri v. Frye*, 566 U.S. 134, 149 (2012) (finding counsel's representation "fell below an objective standard of reasonableness" when counsel did not make a meaningful attempt to inform the defendant of the plea offer before it expired).

"If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best

interest." See *Leonti*, 326 F.3d at 1117. "To establish a claim of ineffective assistance of counsel based on alleged erroneous advice regarding a guilty plea, a petitioner must demonstrate more than a 'mere inaccurate prediction.'" *Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004) (internal citations omitted). "Counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision." *Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002). Counsel is ineffective if his advice regarding plea options was "so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the [plea] offer." *Id.* at 880 (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)). If a defendant can show that counsel's advice to reject or accept a plea deal was deficient, the defendant still must show that counsel's advice prejudiced the defense. See *Strickland*, 466 U.S. at 687.

Defendant's claim for ineffective assistance of counsel during plea bargaining fails. Defendant asserts that Mr. Price told him he would receive a three-level reduction for diminished capacity under the sentencing guidelines. See Carpenter Decl. ¶¶ 2–3. He further claims that, if he had known that he might receive a greater sentence, he would not have agreed to plead guilty. *Id.* at ¶ 3. But Defendant's uncorroborated allegations are not credible when viewed against the plea colloquy and the other evidence in the record. See *Muth v. Fondren*, 676 F.3d 815, 821–22 (9th Cir. 2012), *as amended* (May 31, 2012) (finding "Petitioner's statements at the plea colloquy carry a strong presumption of truth" and agreeing with the general principle that petitions must fail that rely on "allegations that directly contradict the petitioner's statements"). As described above, Mr. Price asserts that he explained to Defendant that the Government, not the Court, was bound by the plea agreement. Price Decl. ¶¶ 5, 8. In addition, in both the plea

agreement and the plea petition, Defendant acknowledged that his plea was made pursuant to Rule 11(c)(1)(B) and that "the judge [was] not obligated to follow those recommendations or agreements" from the prosecution and defense. Plea Pet. ¶ 9; Plea Agrmt. ¶ 14 ("The Court is not bound by the recommendations of the parties[.]"). Indeed, Defendant confirmed during the plea colloquy that he recalled Mr. Price explaining the significance of his Rule 11(c)(1)(B) plea. Plea Hr'g Tr. 8:22–9:7. The Court addressed the nature of Defendant's plea twice during the plea colloquy, confirming that Defendant understood that the Court would ultimately decide the length of Defendant's sentence. *Id.* at 8:22–9:7, 13:1–9. In other words, contrary to Defendant's declaration, the record shows that Mr. Price explained the nature of the Rule 11(c)(1)(B) to Defendant and that Defendant was aware that the Court could impose a sentence over 180 months. Defendant's contradictory allegations are insufficient for Defendant to prevail on his claim that counsel was ineffective in misadvising Defendant as to the consequences of his plea.

      ii.     Sentencing

Second, Defendant asserts that Mr. Price "was ineffective for failing to challenge the court's failure to address the Diminished Capacity issue at sentencing." Def. Mot. 2–3. He argues that his situation "clearly meets the 'extraordinary circumstances' required by the U.S.S.G. and the Ninth Circuit for a departure for Diminished Capacity under §§ 5H1.3/5K2.13." Def. Mem. 6. Defendant suggests that proper presentation of this issue at sentencing likely would have resulted in a three-level reduction and, as a result, a lesser sentence. *Id.* at 8.

"[T]here exists a right to counsel during sentencing in both noncapital and capital cases." *Lafler*, 566 U.S. at 165 (internal citations omitted). Again, "[t]o prevail on an ineffective assistance of counsel claim, [the defendant] must show that: (1) his attorney's performance was unreasonable under prevailing professional standards, and (2) that there is a 'reasonable

probability that but for counsel's unprofessional errors, the result would have been different.'" *Blaylock*, 20 F.3d at 1465 (quoting *Strickland*, 466 U.S. at 687–91, 944).

Here, Plaintiff has not demonstrated that Mr. Price performed so deficiently as to fall below an objective standard of reasonableness. As a preliminary matter, the Court notes that, contrary to Defendant's assertions, Mr. Price did present mitigating factors and provide evidence in support of mitigation as part of the sentencing documents. Conf. Suppl. PSR 1–2, 7. Mr. Price specifically noted Defendant's mental health history, *id.*, and he submitted a letter from Defendant and a report from a psychiatrist describing Defendant's childhood history of abuse, *id.* at Encl. 1, 6. At the sentencing hearing, Mr. Price argued that Defendant suffered from diminished capacity due to his mental health conditions. Sent. Hr'g Tr. 10:1–7. In addition, due to the mitigation evidence presented to the Government by the defense, the Government sought a downward variance. PSR 1, ¶ 117; Sent. Hr'g. Tr. 4:22–5:2. The PSR also cited these factors in suggesting that a sentence outside the guideline system might be warranted. PSR ¶ 119. The psychiatrist's report was part of the record and attached to the PSR. *Id.* at 28–50. The Court reviewed and was familiar with Defendant's mental health issues, including his personality disorder with antisocial features. *See id.* at ¶¶ 90–91. And the Court took both Defendant's mental health and his childhood abuse and neglect into consideration when it sentenced Defendant below the guidelines. Sent. Hr'g Tr. 14:12–17. In other words, the record shows counsel presented evidence related to Defendant's diminished capacity at sentencing, which was considered by the Court.

In addition, Mr. Price was reasonable in relying primarily on § 3553(a) in seeking a downward departure instead of the two Guidelines provisions identified by Defendant. First, § 5K2.13 is not applicable to cases involving violence or a serious threat of violence. U.S.S.G.

§ 5K2.13 ("[T]he court may not depart below the applicable guideline range if . . . the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; [or] the defendant's criminal history indicates a need to incarcerate the defendant to protect the public[.]"). This was such a case. As the Court found at the sentencing hearing, the active case involved a dangerous and violent episode, and Defendant's criminal history included episodes of violence. Sent. Hr'g Tr. 12:9–21. The plea agreement also included a 2-level enhancement for the use of violence. Plea. Agrmt ¶ 11; Plea Hr'g Tr. 18:13–18. Thus, Mr. Price was reasonable in deciding not to focus his argument on a potential downward departure for diminished capacity under § 5K2.13. *See also Strickland,* 466 U.S. at 699 (counsel reasonable not to argue emotional distress when aggravating factors outweighed mitigating factors and judge known to appreciate remorse and admittance of guilt rather than mitigating factors).

Second, the policy statement found in § 5H1.3 provides that mental and emotional conditions—when "present to an unusual degree"— "may be relevant in determining whether a departure is warranted[.]" Mr. Price asserts that he chose to present mitigation arguments as a variance under the statute, which he contends provides the Court with broader sentencing authority than the narrower guidelines. Price Decl. ¶ 20. Given the circumstances of this case and Mr. Price's own declaration, the Court cannot find that Mr. Price was unreasonable in his approach to mitigation at sentencing. Accordingly, Defendant's claim for ineffective assistance of counsel fails.

B.    Three-Level Reduction

Defendant contends that the Court erred in failing to grant a three-level reduction under the Sentencing Guidelines "as set forth by the Ninth Circuit Court of Appeals" and as

"envisioned by the PSR writer."[1] Def. Mot. 3; Def. Mem. 8–9. He argues that the Court abused its discretion in not recognizing that the circumstances of this case meet the extraordinary circumstances needed to receive a departure for diminished capacity under the Guidelines. *Id.* at 9 (citing *United States v. Roe*, 976 F.2d 1216 (9th Cir. 1992) and *United States v. Walter*, 256 F.3d 891 (9th Cir. 2001)). The Government does not respond to this argument.

Defendant's argument is unsupported by the record. As stated above, § 5K2.13 is inapplicable to this case. *See supra* Part II(A)(ii). Section 5H1.3 states: "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." At sentencing, the Court considered the policy statement found in § 5H1.3 and varied downward from the guideline range because of Defendant's mental health history and upbringing. Sent. Hr'g Tr. 12:22–23, 14:12–17. In other words, though the variance was not as significant as Defendant had hoped, the Court did impose a sentence that was below the Guidelines based in part on

---

[1] The Court notes that Defendant: (1) dismissed his direct appeal; (2) waived his right to appeal his conviction and sentence except under specific circumstances not applicable here; and (3) waived his right to file any collateral attack under 28 U.S.C. § 2255 challenging any aspect of his sentence, except on grounds of ineffective assistance and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). Order of Dismissal of Appeal, ECF 86; Plea Agmt. ¶ 13. Thus, Defendant may be barred from asserting this ground for relief, either because it is procedurally defaulted or because he has waived his right to bring a collateral attack challenging his sentence. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (citing *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)) ("We have held that a defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence."). However, as the Government has not addressed Defendant's third ground for relief in its response, the Court considers the merits of this claim. *See, e.g.*, *United States v. Barron*, 172 F.3d 1153, 1156–57 (9th Cir. 1999) ("Ordinarily, the government's failure to raise the petitioner's procedural default at the appropriate time waives the defense.").

Defendant's mental conditions. *Id.* at 14:12–17. Accordingly, Defendant's contention that the Court abused its discretion in not imposing a 3-level reduction for diminished capacity under the Sentencing Guidelines fails.

## CONCLUSION

The Court DENIES Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [85]. Defendant's Motion to Appoint Counsel [94] and Application to Proceed In Forma Pauperis [95] are DENIED. Because Defendant has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), the Court also denies a Certificate of Appealability.

IT IS SO ORDERED.

Dated this __18__ day of __Oct__, 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge